IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEAN DENNY,

        Plaintiff,

vs.                                                                    No. CIV 05-307 JB/DJS

ORIENT LINES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Orient Lines' Motion to Dismiss

for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief May Be Granted,

or in the Alternative, Motion for More Definite Statement, filed April 19, 2005 (Doc. 4); and (ii) the

Plaintiff's Motion to Deny Defendant's Motion to Dismiss, filed May 6, 2005 (Doc. 5).  The primary

issue is whether the amount in controversy exceeds $75,000.00.  Because the Plaintiff, Jean Denny,

has not established that the amount at issue meets the jurisdictional requirements for diversity

jurisdiction, the Court will grant Orient's motion in part, deny Denny's motion in part, and dismiss

Denny's Complaint for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

Denny is a resident of New Mexico, and Orient Lines' principal place of business is Florida.

This lawsuit arises from Denny's dissatisfaction with a cruise to Antarctica that she purchased

through Carlson Wagonlit Travel.  Denny journeyed to Antarctica and other South American

countries aboard the MV Marco Polo during December 2004.  See Complaint, at 1-2, filed March

22, 2005 (Doc. 1).  Denny's Complaint alleges disappointment with the itinerary, shipboard activities,

additional expenses, and loss of luggage during her return travel to the United States. See id. Denny

is unhappy with activities that the brochure or travel agent disclosed, and with the fact that the

cruise's price did not include more amenities. See id. at 2-3.

As to the amount of the controversy, Denny demands the return of her fare for the cruise in

the amount of $8,400.00, all costs, and lost items valued at $400.00. See id. at 3:7-10. Based on the

face of the pleading, it would appear the amount demanded, exclusive of interest and costs, is

$8,800.00. See id.

## PROCEDURAL BACKGROUND

In her Complaint, Denny may be referring to in personam jurisdiction when she alleges that

Orient conducts business in New Mexico through various travel agents. See id. at 1:10-13. Denny

does not, however, allege facts in the Complaint supporting subject matter jurisdiction. There is a

possibility of diversity jurisdiction, but the amount in controversy must exceed $75,000.00, exclusive

of interest and costs. The Complaint does not cite to any federal law or statutes, and does not appear

to be attempting to invoke federal question jurisdiction or other basis for jurisdiction other than

diversity of citizenship.

Orient Lines moves the Court, pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules

of Civil Procedure, to dismiss this lawsuit. In the alternative, Orient requests the Court issue an order

for a more definite statement that conforms to the rules of civil procedure and allows Orient to

respond accordingly. As her response, Denny files her Motion to Deny Defendant's Motion to

Dismiss.

## LAW REGARDING SUBJECT MATTER JURISDICTION

Rule 8(a)(1) requires a statement of jurisdiction in a complaint filed in federal court. Rule 12

allows the defendant to raise the defenses of subject matter jurisdiction and failure to state a claim by motion. <u>See</u> Fed. R. Civ. P. 12(b)(1) and (6). The defendant may consolidate the defenses in one motion. <u>See</u> Fed. R. Civ. P. 12(g). In addition, rule 12(h)(3) provides that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal jurisdiction requires subject matter jurisdiction over the matter and in personam jurisdiction over the parties and venue. <u>See</u> 28 U.S.C. § 1332. Subject matter jurisdiction involves the Court's authority to hear a case. <u>See</u> <u>Radil v. Sanborn Western Camps, Inc.</u>, 384 F.3d 1220, 1224 (10th Cir. 2004). Pursuant to 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."

Thus, in the event jurisdiction is based on diversity, the pleader must allege citizenship and the amount in controversy must exceed $75,000.00. "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir.), <u>cert.</u> <u>denied</u>, 133 L. Ed. 2d 114, 116 S. Ct. 174 (1995).

As a threshold matter, the party who invokes federal jurisdiction bears the burden of establishing jurisdiction. <u>See</u> <u>id.</u> If the factual basis for subject matter jurisdiction is challenged, the court does not presume the truthfulness of the Complaint's factual allegations. <u>See</u> <u>id.</u> The plaintiff bears the burden of establishing, by a preponderance of evidence, facts essential to demonstrate subject matter jurisdiction. <u>See</u> <u>United States v. Rockwell Int'l Corp.</u>, 282 F.3d 787, 797-98 (10th Cir. 2002). A presumption against federal jurisdiction exists because the federal courts are courts of

limited jurisdiction.  <u>See</u> <u>Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.</u>, 929 F.2d

1519, 1521 (10th Cir. 1991); <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974).

**ANALYSIS**

Denny does not allege the parties' citizenship in her Complaint.  Denny alleges that Orient

does business in New Mexico, but does not specifically state the parties are citizens of different states.

In her Motion to Deny, Denny does not suggest that she is attempting to invoke federal question

jurisdiction or any other basis for federal jurisdiction other than diversity of citizenship.

Denny's more insurmountable problem, however, is that, though she alludes to the potential for

diversity jurisdiction by referencing her residence and Orient's foreign nature, her case does not

invoke diversity jurisdiction because she fails to demand an amount in excess of $75,000.00 exclusive

of interest and costs.  The amount she seeks is less than the $75,000.00 that 28 U.S.C. § 1332(a)(1)

requires.  Based on the face of her pleading, the amount in controversy appears lacking.

Any remaining question about jurisdiction is eliminating by Denny's Motion to Deny.  The

Motion to Deny does not address the problems with the amount of her claim.  In her Motion to Deny,

Denny does not assert any additional facts to support subject matter jurisdiction.  Nor does she

dispute that she does not seek at least $75,000.00 in her case.  She also does not dispute that her

claimed damages do not exceed $8,800.00, exclusive of interests and costs.

Instead, Denny makes a policy argument that the jurisdictional amount should be less:

A rule of $75,000 minimum for filing, would entirely EXCUSE Orient from the
Courts, for their cruises are not in that price range.

The statement that District Courts shall handle matters over $75,000.00, does not
state they MAY not handle those of lesser sums.  Due Process is designed to cover
Civil Rights for Justice, and not permit escape of the guilty through loopholes.

-4-

Plaintiff's Motion to Deny Defendant's Motion to Dismiss, at 1.  Federal district courts, however, are courts of limited jurisdiction.  Congress could give the district courts jurisdiction in diversity cases where the amount in controversy is less than $75,000.00, but has not chosen to do so.  Thus, Denny's concerns about the fairness of the $75,000 requirement are more appropriately addressed to Congress rather than the Court, which must not assume jurisdiction over cases that Congress has not said it can hear.

In her Motion to Deny, Denny also contends that the requirements for diversity jurisdiction are permissive.  A plain reading of the statute does not support this contention.  Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."  Because district courts are courts of limited jurisdiction, they do not have jurisdiction unless Congress grants them jurisdiction.  The statute's language is not permissive, and the amount in controversy must be in excess of $75,000.00 for the federal court to have jurisdiction.

Here, the amount in controversy is less than the jurisdictional requirement.  The Motion to Deny, while establishing the parties are "of different states," does not establish an amount of controversy of more than $75,000.  Both elements are necessary to invoke a district court's diversity jurisdiction, which does not exist in this matter.  Denny has not met her burden of establishing jurisdiction.  There is no diversity jurisdiction, and Denny does not assert any other basis for jurisdiction.  The Court will grant Orient's Motion to Dismiss.

**IT IS ORDERED** that the Defendant Orient Lines' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for More Definite Statement is granted in part and the Plaintiff's Motion to Deny

Defendant's Motion to Dismiss is denied in part.  The Plaintiff's Complaint is dismissed for lack of

subject matter jurisdiction.  The Court will not address the other issues that the motions raise.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jean Denny
Albuquerque, New Mexico

      *Plaintiff pro se*

Michael H. Harbour
Ada B. Priest
Madison, Harbour, Mroz & Brennan, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendant*